recovery from third parties for mistaken payments from the trust corpus. See Luby v. Teamsters Health, Welfare and Pension Trust Funds, 944 F.2d 1176, 1186 (3d Cir. 1991).[30]

The federal courts have long been divided over the creation and scope of a federal common law of unjust enrichment for fiduciaries. Compare, e.g. Provident Life & Accident Ins. Co. v. Waller, 906 F.2d 985 (4th Cir. 1990) (holding plan administrator entitled, under federal common law, to recover benefit overpayments following beneficiary's receipt of settlement funds from third-party tortfeasor, in accordance with plan's express reimbursement provisions)[31] with Pacificare v. Martin, 34 F.3d 834, 836 (9th Cir. 1994) (dismissing fiduciary's federal common law claim of unjust enrichment seeking reimbursement from plan beneficiary); Morales v. Pan American Life Ins. Co., 718 F.Supp. 1297, 1301 (E.D. La. 1989). See also Health Cost Controls v. Skinner, 44 F.3d 535, 537 n. 4 (7th Cir. 1995) (noting conflicting district court holdings regarding recognition of federal common law remedy of unjust enrichment and concluding that Circuit Court need not determine which view was correct in case at bar).[32]

---

30. It should be noted that, in Luby, the Third Circuit did not consider a fiduciary's right of action under § 502(a)(3) but expressly premised its extension of a federal common law right of restitution to a fund solely on its prior recognition of that right in employers. See 944 F.2d at 1186 (citing Plucinski).

31. See also id. at 993-94 (observing, in concluding that "fashioning a federal common law rule of unjust enrichment [was] appropriate in the circumstances of [the] case", that case fit "archetypal unjust enrichment scenario" where beneficiary knowingly received double recovery and was aware that plan provision required reimbursement). Cf. Roger C. Siske, Michael R. Maryn & Barbara L. Smith, What's New in Employee Benefits: A Summary of Current Cases and Other Developments (hereafter "What's New"), ALI-ABA, SK067, March 16, 2005 (observing that courts, in adjudicating ERISA, seem prone to results-oriented reasoning).

32. See generally, Siske, Maryn & Smith, What's New (noting that while "[c]ourts generally agree that development of [federal common law supplementing ERISA] is necessary, . . . the emerging body of law is inconsistent at times and splits between the Circuits are not

(continued...)